**SIGNED.**

Dated: August 14, 2008



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MORTGAGES LTD., | ) | CASE NO. 2:08-bk-07465-RJH |
| | ) | |
| | ) | MEMORANDUM DECISION AUTHORIZING |
| Debtor. | ) | EMPLOYMENT OF GREENBERG TRAUIG AS |
| | ) | SPECIAL COUNSEL |

Debtor has moved for authority to employ Greenberg Trauig, LLP as special counsel pursuant to Bankruptcy Code § 327(e), to represent the Debtor in three categories of matters:

> 1. loan enforcement, collection and guarantor litigation with respect to the loans to the (a) Rightpath, (b) Grace, and (c) U & A/Roosevelt Gateway entities
>
> 2. defense of the Debtor in (a) the Rightpath removed adversary proceeding No. 2:08-ap-436 and (b) Ross v. Mortgages Ltd. No. CV2008-012042, pending in Maricopa County Superior Court;
>
> 3. banking, securities and regulatory matters, including but not limited to investigations and/or issues arising with respect to AZDFI, the Debtor's Arizona mortgage bankers license and the Securities and Exchange Commission.

Objections to this special counsel employment application have been filed by the Office of the United States Trustee and by the U & A/Roosevelt, Grace and Rightpath entities.

**No Adverse Interests**

All of the objections assert that Greenberg Trauig cannot be employed because it holds or represents an interest adverse to the Debtor or to the estate with respect to the matters on which it is to be employed, within the scope of § 327(e). None of these alleged

adverse interests arises from Greenberg Trauig's simultaneous representation of another client that either presently asserts claims against the Debtor or the estate or that is the subject of a pending claim by the Debtor or the estate. Rather, all of the alleged adverse interests arise from Greenberg Trauig's prior representation of the Debtor and/or its affiliates in various contexts, including but not limited to (a) corporate ownership and management issues arising after the death of owner Scott Coles; (b) securities work for the Debtor and its affiliates, including preparation of private offering memoranda; and (c) the Debtor's accessing of funds held in borrower impound accounts and using them to pay fees and retainers to Greenberg Trauig.

In none of these situations has any objector identified any adversity between the Debtor and either Greenberg Trauig or any client that it represents. To the contrary, in each instance the Debtor and Greenberg Trauig are on the same side of the issue, generally maintaining that the transactions were proper and in the Debtor's best interests. While such prior representation and concurrent interests may well create a lack of disinterestedness that would disqualify Greenberg Trauig from employment as general bankruptcy counsel under § 327(a), they are not the kind of adverse interests that is disqualifying under § 327(e).

One particular argument that such adversity exists arises from the Debtor's payment, during the gap period, of some of Greenberg Trauig's prepetition fees from funds derived from borrowers' impound accounts. The objectors have asserted that the payments constitute voidable preferences or unauthorized post petition payment of prepetition debts that are recoverable under § 549(b). Greenberg Trauig makes two arguments why these payments are not disqualifying for purposes of § 327(e): (1) the payments are not avoidable because they were not transfers of property of the estate, and (2) Greenberg Trauig is not sought to be employed to recover these transfers. Greenberg Trauig also relies on the analysis of the Ninth Circuit Bankruptcy Appellate Panel in *In re Film Ventures International, Inc.*, 75 B.R. 250, 252 (9th Cir. BAP 1987). The BAP there held that debtor's receipt of a security interest to secure prior and future legal fees did not create a disqualifying interest adverse to the estate with respect to the matter on which counsel was sought to be employed, where the debtor's and the

2
Case 2:08-bk-07465-EPB    Doc 361    Filed 08/14/08    Entered 08/15/08 10:14:08    Desc
                          Main Document    Page 2 of 5

1 | counsel's interests were parallel.

2 | Greenberg Trauig is correct that *Film Ventures* effectively holds that the
3 | potential receipt of a preference does not disqualify a firm from employment as special counsel
4 | when the debtor's and the firm's interests are parallel with respect to the matters for which the
5 | firm is to be employed. That appears to be the case here.

6 | The objectors rely on *Pillowtex*, 304 F.3d 246, to support their argument that
7 | receipt of a preference is potentially disqualifying. That analysis does not apply here, however,
8 | because counsel in that case was to be employed as general bankruptcy counsel pursuant to §
9 | 327(a) rather than special counsel under § 327(e). The objection and the court's analysis
10 | addressed whether the firm in that case held "an interest materially adverse to the interests of . .
11 | . any class of creditors," which is not the standard found in § 327(e). Rather, it is part of the
12 | definition of disinterestedness in § 101(14), a standard that is applicable only to general
13 | counsel employed under § 327(a) and not to special counsel under § 327(e). The *Pillowtex*
14 | holding and analysis therefore does not apply in this case.

15 | Rightpath argues that Greenberg Trauig is disqualified because it was involved
16 | in some of the acts that Rightpath complains of in its removed adversary proceeding for which
17 | Greenberg Trauig is sought to be employed to defend the Debtor. Again, however, there is no
18 | indication that such prior involvement constitutes an interest that is adverse to the estate. And
19 | as the *Film Ventures* analysis makes clear, such prior involvement is not disqualifying for
20 | employment as special counsel, because one of the principal reasons for the more relaxed
21 | standard for special counsel employment is precisely to permit a debtor to employ counsel who
22 | was previously involved with the litigation or issues.

23 | Should an actual adversity later arise with respect to any of the matters on which
24 | Greenberg Trauig is to be employed, the estate is protected by § 328(c). Greenberg Trauig is
25 | assuming the risk that it could be denied all compensation if such an adverse interest arises
26 | with respect to the matters that Greenberg Trauig is to handle. *In re J.S. II, LLC*, 371 B.R. 311,
27 | 323 (Bankr. N.D. Ill 2007).
28 | /

3

**Disclosure for § 327(e) Purposes Has Been Adequate**

The objections also argue Greenberg Trauig should be disqualified because its initial application for employment as general counsel did not disclose some of these involvements that may have created disqualifying lack of disinterestedness for employment as general counsel. Because such a lack of disinterestedness is not relevant to employment as special counsel, however, the Court does not find the alleged nondisclosures to be disqualifying for purposes of § 327(e). Moreover, the purpose of disclosure is so the court can scrutinize any adverse interests, and these have in fact been scrutinized before employment as special counsel has been authorized. The Court therefore sees no reason to take any further remedial measures. *In re CIC Investment Corp.*, 175 B.R. 52 (9th Cir. BAP 1994).

**Matters Are Sufficiently Discrete**

The objections also assert that the matters for which Greenberg Trauig is sought to be employed are not sufficiently discrete and will effectively give Greenberg Trauig control over the entire reorganization and bankruptcy case. The Court finds, however, that the matters are sufficiently discrete and distinct from general representation in the bankruptcy case. Particularly after the Debtor eliminated the request to use Greenberg Trauig's services to assist in negotiating and documenting the DIP loan, none of the remaining matters goes to the heart of the bankruptcy representation. The first two categories deal with particular claims, not with how general classes of creditors will be paid. The third category deals with the operation of the Debtor's business, not with how its finances will be reorganized under the Bankruptcy Code. The Court therefore concludes that the defined categories are appropriate for special counsel representation.

For these reasons, the objections are overruled and Debtor's application to employ Greenberg Trauig as special counsel is granted.

DATED AND SIGNED ABOVE

/

/

/

Copy of the foregoing e-mailed
this 14th day of August, 2008, to:

Carolyn J. Johnsen, Esq.
Jennings, Strouss & Salmon
cjjohnsen@jsslaw.com
Attorneys for Debtor

Donald Gaffney, Esq.
Snell & Wilmer L.L.P.
dgaffney@swlaw.com
Attorneys for Central & Monroe, KGM Builders,
   Osborn III Partners

John R. Clemency, Esq.
Greenberg Traurig LLP
clemencyj@gtlaw.com
Special Counsel for Debtor

Warren J. Stapleton, Esq.
Osborn Maledon
wstapleton@omlaw.com
Attorneys for Rightpath Limited Development Group

Rebecca J. Winthrop, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
winthropr@ballardspahr.com
Attorneys for University & Ash LLC, Roosevelt Gateway,
   Roosevelt Gateway II and KML Development

Shelton L. Freeman, Esq.
Deconcini McDonald Yetwin & Lacy PC
tfreeman@dmylphx.com
Attorneys for Radical Bunny

Cathy L. Reece, Esq.
Fennemore Craig
creece@fclaw.com
Attorneys for Unofficial Investors Committee

Dean M. Dinner, Esq.
Nussbaum & Gillis
ddinner@nussbaumgillis.com
Attorneys for Official Committee of Unsecured Creditors

Larry Watson, Esq.
United States Trustee's Office
larry.watson@usdoj.gov


 /s/ Pat Denk
Judicial Assistant