**SIGNED.**

Dated: October 21, 2009



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| ) | CASE NO. 2:08-bk-07465-RJH |
| ) | |
| MORTGAGES LTD., ) | |
| ) | MEMORANDUM DECISION |
| Debtor. ) | |
| _____ ) | |

       The Rev Op Group's motion for clarification, and the joinders of Mr. Sternberg and Mr. Furst, are granted in part an denied in part, as follows.

       The Court will address the issues according to the numbers identified in the Reply filed by the Rev Op Group on October 8. According to the Reply, issues 1, 2, 7, 9 and 10 have been resolved. As to those issues, therefore, the motion for clarification is denied.

       Issue number 3 is the Rev Op Group's argument that it has a right to set off claims the Pass Through Investors may have against the Debtor against any of the liquidating fund's expenses. The right of such set off is governed by Bankruptcy Code § 553 and the Ninth Circuit case of *DeLaurentiis*. This therefore does not require any clarification of what the Plan provides, and therefore this motion for clarification is denied.

       Issues 4 and 5 concern the right to charge a proportionate share of the exit financing and other liquidating fund expenses back against the Pass Through Investors who not opt in. The motion for clarification is granted, to the extent any clarification is needed. Paragraph U of the confirmation order permits the ML Manager to charge back to the non-opt-in participating investors their proportionate share of all of its expenses, including but not limited to the exit financing. This Plan does impose a limitation that such charge back be fair, equitable and proportional, but within those limitations the ML Manager can exercise his

business judgment whether to obtain financing to cover exit costs and operational expenses, and when to make the charge backs.

Issue 6, 7 and 8 relate to the ML Manager's authority to deal with the loans and the frational interests in the notes. The motion for clarification is granted to the following extent. The ML Manager has no authority to sell or encumber the non-opt-in Pass Through Investors' fractional interest in their notes. The ML Manager does have authority to deal with the loans and the collateral securing the loans to the extent provided by the governing documents including but not limited to the applicable subscription agreements and agency agreements.

In all other respects, the motion for clarification is denied.

DATED AND SIGNED ABOVE

Copy of the foregoing e-mailed/mailed
this 21st day of October, 2009, to:

Robert J. Miller, Esq.
Bryan Cave LLP
rjmiller@bryancave.com
Attorneys for Rev Op Group

Cathy L. Reece, Esq.
Fennemore Craig, P.C.
creece@fclaw.com
Attorneys for ML Manger LLC

Richard M. Lorenzen, Esq.
Perkins Coie Brown & Bain P.A.
rlorenzen@perkinscoie.com
Attorneys for Official Unsecured Creditors Committee
   of Radical Bunny, LLC

William Scott Jenkins, Esq.
Myers & Jenkins, P.C.
wsj@mjlegal.com
Attorneys for ML Liquidating Trust

S. Cary Forrester, Esq.
Forrester & Worth, PLLC
scf@fwlawaz.com
Attorneys for Lewis & Underwood Trust

Sheldon H. Sternberg
Sternberg Enterprises Profit Sharing Plan
ssternberg@q.com
Pro Se

1 | Robert G. Furst
2 | 4201 North 57th Way
  | Phoenix, Az 85018
  | Pro Se
3 |
  | ___/s/ Pat Denk_____
4 | Judicial Assistant
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

3
Case 2:08-bk-07465-EPB    Doc 2323    Filed 10/21/09    Entered 10/22/09 07:48:22    Desc
Main Document    Page 3 of 3